IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Rivel Pooler,<br><br>        Plaintiff,<br>v.<br><br>Orangeburg County, Orangeburg County Sheriff's Office, Sheriff Leroy Ravenell, in his individual capacity and official capacity as Sheriff or Orangeburg County, Inv. Marty Carrigg, Inv. Logan, Vernita Dozier, in her individual and official capacity, Lt. Murdock, Lt. M. Rhodan, Sgt. Allen Williams, and John Does,<br><br>        Defendants. | C/A No. 5:24-4937-JFA<br><br>**MEMORANDUM, OPINION, AND ORDER** |

## I.     INTRODUCTION

Plaintiff Robert Rivel Pooler filed this civil rights action in the Orangeburg County Court of Common Pleas. He raises claims pursuant to 42 U.S.C. § 1983, as well as state law, stemming from his arrest on June 16, 2021, and subsequent detention. Plaintiff subsequently filed an Amended Complaint. Thereafter, Defendants Orangeburg County, Dozier, Carrigg, Logan, Murdock, Rhodan, and Williams—with the consent of Defendants Ravenell and Orangeburg County Sheriff's Office—removed the action to this court.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Specifically, the Magistrate Judge performed an initial review of Defendants' motion to dismiss for failure to state a claim. (ECF No. 6).

1

Upon reviewing the motion and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report") and opines that this court should grant Defendants' motion to dismiss. (ECF No. 31). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

Plaintiff filed objections to the report on April 9, 2025 (ECF No. 34)[1], to which Defendants replied (ECF No. 38). Thus, this matter is ripe for review.

## II.   STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life*

---

[1] Plaintiff previously filed a motion to amend the operative complaint along with a request for extension of time to respond to the Report. (ECF No. 33). Since that time, the motion to amend has been denied and Plaintiff filed fulsome objections to the Report. (ECF No. 34). Accordingly, the request for an extension of time to respond is now moot and this matter is ripe for review.

*& Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion to dismiss is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

### III.   DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and, therefore, a full recitation is unnecessary here. (ECF No. 31). However, a brief summary of the factual background is necessary to aid in addressing Plaintiff's objections.

This action arises out of Plaintiff's arrest on June 17, 2021, and subsequent criminal proceedings. In short, Plaintiff had an altercation with his child's mother's boyfriend on June 16, 2021, which culminated in Plaintiff firing several shots from his legally possessed firearm—one of which struck Plaintiff himself in the foot. Plaintiff was arrested the following day for attempted murder. On June 17, 2021, Plaintiff was denied bond. Plaintiff alleges that on February 2, 2022, he was granted a $150,000 bond with the conditions of house arrest and ankle-worn GPS monitoring. He posted this bond on April 11, 2022. In January 2023, the state court heard Plaintiff's motion for immunity and on May 30, 2023, found Plaintiff was immune from prosecution "pursuant to the Protection of Persons and Property Act, S.C. Code § 16-11-410, et seq. . . . and its extension of the common law Castle Doctrine." (ECF No. 1-1, p. 44). All criminal charges against Plaintiff were dismissed. Plaintiff also generally alleges that while he was detained at the Orangeburg County Detention Center, his medical issues were improperly, inadequately, or insufficiently diagnosed and/or treated.

The Report recommends dismissal as to each of Plaintiff's nine claims for various reasons. (ECF No. 31). In response, Plaintiff has articulated six separate objections. (ECF No. 34). Each is addressed below.

4

**Objection 1**

Initially, Plaintiff objects to the Report's factual recitation because it does not adequately summarize the facts asserted and as set forth by Plaintiff's preliminary amended complaint and overlooks various material facts relevant to an analysis of a motion to dismiss under FRCP Rule 12(b)(6). Plaintiff avers that the Report disregards several material facts including those surrounding the altercation and shooting. Plaintiff spills much ink recounting these facts in great detail.

The court disagrees that any of the facts Plaintiff now highlights were necessary to the Report's analysis. The Report recounted the altercation and noted that Plaintiff was found immune after being arrested for attempted murder. The minute details leading up to the arrest need not be recounted with granular specificity. The Magistrate Judge accepted as true Plaintiff's version of events and analyzed his claims accordingly. Nowhere in the Report does the Magistrate Judge dispute Plaintiff's assertions that he was unlawfully arrested without probable cause or that the arrest warrants were obtained using misstatements and omissions of material facts and withholding of exculpatory evidence in the presentation of arrest warrants to a county magistrate. Nor did the court overlook facts relative to Plaintiff's lack of access to medical care while detained, and for serious injuries related to chronic infections with Plaintiff's poorly treated gunshot wounds.

Many of the facts Plaintiff now highlights were simply irrelevant to the Report's analysis. For instance, these facts have no bearing on a statute of limitations determination or a finding of immunity under the SC Torts Claim Act. The Report took Plaintiff's assertions as true and recounted those facts necessary to reach the conclusions in the

Report. Plaintiff's focus on extraneous facts is misplaced and his objection is thus overruled.

**Objection 2**

Plaintiff next objects to the "recommendation that the federal claims be dismissed." (ECF No. 34, p. 8). Within this objection, Plaintiff admits that "the initial amended complaint did not necessarily streamline the allegations and necessarily required further clarification (see second amended complaint)." *Id.* Plaintiff avers that dismissal of these claims is premature and Plaintiff anticipates that he "will be able to further develop facts and amend a complaint as required, and that the Plaintiff should not be denied such opportunity by dismissal of his claims in a 12(b)(6) motion." Plaintiff appears to argue that his failure to offer a short and plain statement of the claims as Required by Rule 8 of the Federal Rules should be excused because he hopes to gain more information throughout litigation. Indeed, Plaintiff claims that his proposed Second Amended Complaint "likely rendered any issues with this claim moot." However, that motion to amend was denied and Plaintiff's continued discovery efforts do not retroactively save his complaint. Plaintiff was charged with articulating sufficient facts to support each of his nine claims. As outlined in the Report, he failed to do so, and instead included vague allegations which did not identify any specific Defendant.

Regarding the claim of deliberate indifference to serious medical needs and conditions of confinement (Claim 3), the Magistrate Judge properly assessed Plaintiff's conclusory allegations and generalities as failing to state a claim. She concluded the Amended Complaint alleged no specific conduct of any specific Defendant in violation of

a specific right. The Court is not required to accept legal conclusions as truth. Factual allegations are required. *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999). Plaintiff's objections fail to show how this conclusion was reached in error.

Plaintiff "further objects to the extent that the Magistrate appeared to decline to accept all of Plaintiffs assertions of fact as true, and otherwise decline to give more appropriate deference to the underlying procedural circumstances." (ECF No. 34, p. 9). However, Plaintiff offers no specific facts or circumstances which the Magistrate Judge ignored in analyzing the deliberate indifference claim. Plaintiff also states that "a rather significant body of case law appears to support the principle that a Plaintiff is not necessarily expected to have significant information on such claims." However, Plaintiff fails to cite even a single case, let alone one that stands for such a proposition. As with his Amended Complaint, Plaintiff's objections contain vague allegations which do not advance his cause. Thus, this objection is overruled.

### Objection 3

Plaintiff next challenges the application of the statute of limitations as to his claims for false arrest and false imprisonment (Claim 7) under the South Carolina Torts Claim Act. Plaintiff avers that the two-year statute of limitations for Plaintiff's claim of false arrest / false imprisonment does not run until May 30, 2025, which is two years after the date of his release from pretrial detention.

Firstly, Plaintiff ignores the fact that his claims for false arrest (Claim 7) and unlawful seizure (Claim 1) fail because his arrest was pursuant to a warrant as alleged in the Complaint. *Carter v. Bryant*, 429 S.C. 298, 306 ("It has long been the law that one

arrested pursuant to a facially valid warrant has no cause of action for false arrest. . . In the event no probable cause existed, the remedy is to sue for malicious prosecution, not false arrest.").

Next, Plaintiff is incorrect that the statute of limitations for his state law claim of false arrest and a federal claim for unconstitutional seizure did not begin to run until his pretrial detention conclusively ended on May 30, 2023. Instead, the limitations period began to run when he was arrested and bound over for trial on June 17, 2021. *Wallace v. Kato*, 549 U.S. 384, 389 (2007) ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."). Thus, the deadline for the state law false arrest claim expired on June 17, 2023, and, for the §1983 unreasonable seizure claim, expired on June 17, 2024.[2]

Plaintiff likewise asserts that he could not have discovered the nature of his loss or extent of his injuries until after the order of immunity was entered on May 30, 2023. However, the law is clear that, under South Carolina's discovery rule, the "statute runs from the date the injured party either knows or should have known by the exercise of reasonable diligence that a cause of action arises from the wrongful conduct." *Dean v.*

---

[2] Plaintiff's first complaint filed April 11, 2024, was never served, and certainly not within one hundred twenty days of filing, thus his action was not timely commenced. *See* SCRCP Rule 3(a); S. C. Code §15-3-20 (providing that an action is timely commenced if served within the statute of limitations or, if filed within the statute of limitations with actual service made within one hundred twenty days after filing). Plaintiff later filed his second complaint (First Amended Complaint) on July 27, 2024, and served it on some, but not all, Defendants in August 2024.

*Ruscon Corp.*, 321 S.C. 360, 363, 468 S.E.2d 645, 647 (1996). "[T]he fact that the injured party may not comprehend the full extent of the damage is immaterial." *Id.* Plaintiff's assertion to the contrary is without merit.

Plaintiff again argues that "any remaining deficiencies in pleading have also been corrected by the second Amended Complaint, and further discovery is also arguably needed to fully establish the nature and extent of Defendants' actions, which also makes dismissal at this stage inappropriate." (ECF No. 34, p. 11). Plaintiff again misses the mark. The Second Amended Complaint offers no aid as the motion to amend was denied. Likewise, Plaintiff may not use the hope of future discovery to cure deficiencies in his past pleadings.

**Objection 4**

Plaintiff next "objects to the Magistrate's recommendation that the federal claim for malicious prosecution [Claim 2] be dismissed, objects to the notion and conclusion that the state law claim for malicious prosecution [Claim 8] must fail based on an exemption under the SCTCA, and further objects to any notion that Plaintiff has conceded such a claim for the instant, ongoing, and/or foreseeable future litigation." (ECF No. 34, p. 12).

Plaintiff avers that although S.C. Code Ann. § 15-78-60(23) calls for immunity from malicious prosecution, the Sheriff may not invoke it here because his answer's reference to §15-78-60(25) operates to impose a gross negligence standard which necessarily renders the exemption under §15-78-60(23) inapplicable in this case. Plaintiff is incorrect for several reasons.

Initially, the instant motion is asserted pursuant to Rule 12(b)(6) which looks only to the allegations in the complaint and therefore Plaintiff's reference to a Defendant's

9

answer is improper. Moreover, Plaintiff is mistaken that the immunity cannot be applied here. The gross negligence exception for immunity for "responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any student, patient, prisoner, inmate, or client of any governmental entity, except when the responsibility or duty is exercised in a grossly negligent manner," applies to just those claims encompassed by its words, claims related to the supervision, protection, control, confinement, and custody of a prisoner or inmate. A claim for malicious prosecution is not a claim related to the supervision, protection, control, confinement, or custody of the plaintiff. Rather, it is a claim regarding his prosecution. *See Lawrence v. City of N. Charleston*, No. 2021-001398, 2024 WL 1299264, at *2 (S.C. Ct. App. Mar. 27, 2024)("[T]he gross negligence exception of section 15-78-60(25) cannot be inserted into sections 15-78-60(23) and 15-78-60(20), under which the City has immunity."). Because the Sherriff is entitled to immunity for malicious prosecution pursuant to the SC Torts Claim Act, no discussion of the statute of limitations as to this claim is necessary.

As to Plaintiff's federal claim of malicious prosecution, Plaintiff urges the court to take another look at the amended complaint and connect dots the Magistrate Judge must have missed to find that he has indeed stated a claim sufficient to survive the instant motion. The court has reviewed the amended complaint anew and finds no error in the Report. Even after Plaintiff clarified that his §1983 claim for malicious prosecution rested on the actions of Defendants Carrigg and Logan, the Magistrate Judge correctly determined that "Plaintiff similarly failed to plead sufficient facts regarding the personal involvement of Defendants

10

Carrigg and Logan." (ECF No. 31, p.7). Plaintiff's objections merely repeat his vague assertions and therefore are without merit.

### Objection 5

"Plaintiff further and respectfully objects to the recommendation for dismissal of his state law claims for negligence and gross negligence [Claim 5], including, e.g., such claims alleged against Defendant Sheriff Ravenell and Defendant Orangeburg County arising from a failure to exercise due care, failure to monitor, train, supervise, and discipline, and other associated negligence claims as enumerated and likewise better clarified in the Plaintiff's second amended complaint." (ECF No. 34, p. 16).

Again, Plaintiff's reliance on his proposed second amended complaint is misplaced as that amendment was not allowed. Nevertheless, Plaintiff avers that his "initial amended complaint, which admittedly required various clarifications to set forth its factual allegations and associated claims in a more cohesive manner, nevertheless articulated the necessary facts to successfully plead the claims for purposes of surviving a motion to dismiss." (ECF No. 34, p. 16-17). The court disagrees.

Plaintiff repeats vague arguments such as "when the court makes reasonable inferences drawn from the alleged facts, it is also clear that the Plaintiff's initial amended complaint alleged sufficient facts and related allegations to properly and successfully plead such negligence and gross negligence claims in a manner such that the claims are certainly not barred by any statute of limitations." (ECF No. 34, p. 17). Plaintiff fails to support this assertion with any facts or citation to the Record.

11

The Magistrate Judge properly determined that Plaintiff alleges that he posted bond and was released to house arrest with ankle-worn GPS monitoring on April 11, 2022. Accordingly, it appears that the statute of limitations expired on April 11, 2024. This conclusion applies to any alleged battery that occurred as part of his arrest and during his detention and for any alleged negligence that occurred during his detention. The latest possible date for any of these alleged actions or inactions to occur would be April 11, 2022. Plaintiff has provided no support or authority for his assertion that he was not "released following his arrest" until after the charges were dismissed and Plaintiff was no longer under the restrictions imposed by his bond.

Accordingly, Plaintiff has failed to show any error in the Report.

**Objection 6**

As to the defamation claims (Claim 9), Plaintiff asserts that there is no legitimate basis to dismiss such claims at this time, and to do so would otherwise be premature. Plaintiff goes on to aver that, "at the very least . . . he can maintain such an action based on statements which were made after April 11, 2022, and through his eventual release from pretrial detainment following the entry of the Immunity Order." (ECF No. 34, p. 17) However, Plaintiff yet again fails to offer any specific statements he believes will support such a claim. Plaintiff's repeated vague and generalized statements continue to plague his allegations and arguments.

The Magistrate Judge plainly stated that it "is unclear exactly what statements form the basis of Plaintiff's defamation claim" and as to "any statements prior to his release on April 11, 2022, it would be barred by the statute of limitations." (ECF No. 31, p. 14). In

12

response, Plaintiff provides no clarification on which statements he challenges, who stated them, or when they occurred. Accordingly, Plaintiff's objection on this point is likewise overruled.

Plaintiff did not object to the Report's conclusion that Plaintiff's *Monell* Claim (Claim 4) and Battery Claim (Claim 6) are likewise subject to summary dismissal. Accordingly, those portions of the Report are adopted without objection or further explanation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 31). For the reasons discussed above and in the Report, Defendant's motion to dismiss (ECF No. 6) is granted.

Given this determination, Defendants' motion to strike (ECF No. 5), Plaintiff's motion to amend the scheduling order (ECF No. 35), and Defendant's motion to stay (ECF No. 41) are now moot.

IT IS SO ORDERED.

June 10, 2025                                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge